IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARVIN GABRIEL HOLMES | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-255 |
| ZENA STEPHENS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Marvin Gabriel Holmes, a prisoner confined at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Zena Stephens, Bill Stephens, Ken Paxton, and Tekeisha Marie Martin. Plaintiff has requested leave to proceed *in forma pauperis*.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) applies to this action because at least three of Plaintiff's prior lawsuits or have been dismissed as frivolous.[1]  As a result, Plaintiff may not bring this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit.  *Banos v. O'Guin*, 144 F.3d 883, 884-5 (5th Cir. 1998) (revoking the plaintiff's *in forma pauperis* status after determining that he was not in imminent danger at the time he filed his notice of appeal).  Allegations of past threats and assaults are insufficient to show the plaintiff was in imminent danger at the time he filed his complaint.  *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011).  To meet his burden of showing that he is in imminent danger, the plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent, serious physical injury.  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  Vague or conclusory allegations are insufficient to meet the plaintiff's burden.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998); *see also Floyd v. Lumpkin*, No. 22-40693, 2023 WL 1793874, at *1 (5th Cir. Feb. 7, 2023) (holding that conclusory and speculative allegations of possible future violence are insufficient to demonstrate a "genuine impending emergency").

Plaintiff's Complaint concerns allegations that a "remote neuro monitoring" device was inserted into one of his tooth fillings in February of 2015, while he was confined at the Bill Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division.  Plaintiff did not allege any facts from which the court could conclude that Plaintiff was in imminent danger as a result of Defendants' actions at the time he filed this action.  Accordingly, Plaintiff is barred from proceeding *in forma pauperis*.

---

[1] *Holmes v. Brandon*, No. 1:16-CV-12 (N.D. Tex. Mar. 29, 2016) (dismissed as frivolous); *Holmes v. Woods*, No. 1:15-CV-281 (E.D. Tex. May 6, 2016) (dismissed as frivolous); *Holmes v. McBride*, No. 1:18-CV-264 (E.D. Tex. May 28, 2020) (dismissed as frivolous).

Recommendation

Plaintiff should be denied leave to proceed *in forma pauperis*. The action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), unless Plaintiff pays the full $402 filing fee within fourteen days after entry of this Report and Recommendation.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 17th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE